Filed 7/20/23  P. v. Icona CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANK ANTHONY ICONA,<br><br>    Defendant and Appellant. | D080230<br><br><br>(Super. Ct. No. SCD286841) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

As recently amended, Penal Code[1] section 1170, subdivision (b)(6), provides that a sentencing court "shall order imposition of the lower term" if a defendant's childhood trauma, among other circumstances, contributed to the commission of his offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice."

After Frank Anthony Icona pled guilty to four counts of committing a lewd act on his stepson, the trial court selected the middle term and sentenced him to nine years and four months, finding the aggravating factors outweighed his own childhood sexual abuse and other mitigating factors to make the lower term contrary to the interests of justice. Icona contends his sentence must be vacated because amended section 1170, subdivision (b)(6), created an alternative statutory maximum of the lower term for defendants like him such that aggravating factors for imposing the middle term must be proven to a jury beyond a reasonable doubt under the *Apprendi*[2] rule. He also contends the court abused its discretion in sentencing him to the middle term. We reject both contentions and affirm the court's judgement.

FACTUAL AND PROCEDURAL BACKGROUND

Icona pled guilty in December 2021 to two counts of committing a lewd act on a child under the age of 14 (§ 288, subd. (a); counts 3 and 5) and two counts of committing a lewd act on a child who was at least 10 years younger

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*).

than him and aged 14 or 15 (§ 288, subd. (c)(1); counts 7 and 13).[3] Icona agreed to leave the sentence to the trial court, with the understanding he faced a maximum possible sentence of 11 years and four months.

At sentencing in March 2022, the trial court sentenced Icona to a total prison term of nine years and four months, consisting of: the middle term of six years on count 3; plus consecutive terms of two years on count 5 (one-third of the six-year middle term) and eight months each on counts 7 and 13 (one-third of the two-year middle term). In selecting the middle term, the court found Icona fell within section 1170, subdivision (b)(6), because there was "childhood trauma with psychological impact that . . . perhaps explains his reaction when accused of the crimes in this case" and "that is something that would qualify him to have a low term as the presumption." The court also found Icona's lack of criminal history and prior military service to be mitigating factors. The court, however, found aggravating factors—including the vulnerability of the victim, the planning and sophistication of his offenses, taking "extreme advantage" of a position of trust, and harm to the victim—outweighed the mitigating factors and "make the low term contrary to the interest of justice."

---

[3] Icona was charged with 14 counts. The remaining counts were dismissed as part of the plea agreement.

DISCUSSION

I.

*There Is No Statutory or Sixth Amendment Right to Have Aggravating Factors Used to Impose the Middle Term Under Section 1170, Subdivision (b)(6) Proven to a Jury Beyond a Reasonable Doubt or Stipulated to by the Defendant*

Effective January 1, 2022, the Legislature amended section 1170, California's determinate sentencing law (DSL).  Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) "amended section 1170, subdivision (b), to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction.  (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding § 1170, subd. (b)(1)–(3), by amendment.)"  (*People v. Jones* (2022) 79 Cal.App.5th 37, 44 (*Jones*).)

"Senate Bill 567 also added a provision that requires the court to impose the low term if the defendant's psychological, physical, or childhood trauma was a contributing factor in the commission of the offense, 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice.'[4]  (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding § 1170,

---

4    Although we agree with the court in *Jones* that "it is Senate Bill 567 that added subdivision (b)(6) to the statute," *Jones*, *supra*, 79 Cal.App.5th at page 44, footnote 11 [citing Stats. 2021, ch. 731, §§ 1.3, 3(c)], the text of subdivision (b)(6) originated in Assembly Bill No. 124 (2021–2022 Reg. Sess.).

4

subd. (b)(6), by amendment.)" (*Jones, supra,* 79 Cal.App.5th at p. 44, fn. omitted.)  Section 1170, subdivision (b)(6), provides:

> "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:
>
> "(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.
>
> "(B) The person [was under age 26] at the time of the commission of the offense.
>
> "(C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."

Icona essentially contends this sentencing scheme establishes two "statutory maximum[s]" under *Apprendi, supra,* 530 U.S. 466.  He concedes the middle term is the default statutory maximum.  But in his view, the lower term becomes the statutory maximum when any of the three enumerated circumstances in section 1170, subdivision (b)(6), applies.  In this situation, Icona argues any aggravating factors used to impose the middle term must be stipulated to by the defendant or proven to a jury beyond a reasonable doubt to comply with *Apprendi.*  He would have us read this

---

(Stats. 2021, ch. 695, § 5, pp. 8737–8738.)  Both Senate Bill 567 and Assembly Bill No. 124 were passed by the Legislature in September 2021 and approved by the Governor on October 8, 2021.  (*Jones, supra,* 79 Cal.App.5th at p. 44, fn. 11.)  Both bills proposed amendments to section 1170, subdivision (b).  (*Jones,* at p. 44, fn. 11.)  However, "because Senate Bill 567 was the last bill signed by the Governor and bears the highest chapter number," its reconciled version of the two bills' amendments to section 1170 prevails. (*Jones,* at p. 44, fn. 11.)

requirement into subdivision (b)(6) to avoid any constitutional concerns. We decline to do so.

As this court recently concluded in *People v. Hilburn*, "the Legislature intended to maintain the sentencing court's discretion to impose the middle term even if it finds the defendant falls within one of the three categories of section 1170, subdivision (b)(6)." (*People v. Hilburn* (July 5, 2023, D080175) ___ Cal.App.5th ___ [2023 WL 4342646, at p. *8] (*Hilburn*).) The Legislature knew how to establish a heightened proof requirement for aggravating factors, as it did for aggravating factors used to impose the upper term under section 1170, subdivision (b)(2). (*Hilburn,* at ___ [2023 WL 4342646 at p. *8].) Section 1170, subdivision (b)(6), "states no such requirement for the equitable balancing determination it entrusts to the trial court." (*People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 929 (*Bautista-Castanon*).) Therefore, consistent with the First District's conclusion in *Bautista-Castanon*, we decline to import the proof requirement from subdivision (b)(2) into subdivision (b)(6) "as a prerequisite to imposing the middle term." (*Ibid.*)

This construction of section 1170, subdivision (b)(6), does not violate Icona's jury trial rights under *Apprendi*. During oral argument, Icona's counsel acknowledged the middle term is the maximum sentence that may be imposed "solely on the basis of the facts admitted in the guilty plea" or "reflected in the jury verdict." (*Blakely v. Washington* (2004) 542 U.S. 296, 303–304, italics omitted.) This makes the middle term the DSL's " 'statutory maximum' for *Apprendi* purposes." (*Id.* at p. 303.) However, Icona's counsel contended subdivision (b)(6) provides a separate "statutory maximum" under *Apprendi*. This is wrong because, as we explained in *Hilburn*, imposition of the lower term under subdivision (b)(6) depends on additional judicial factfinding post-verdict or post-plea. (*Hilburn, supra,* ___ Cal.App.5th ___

6

[2023 WL 4342646, at p. *9].)  The trial court must find at least one of the enumerated circumstances in subdivision (b)(6) applies to the defendant, the circumstance contributed to the commission of the offense, *and* the imposition of the lower term is not contrary to the interests of justice. (*Hilburn,* at ___ [2023 WL 4342646, at p. *9].)  "Because those findings occur after the defendant is convicted, and are not necessary for imposition of the presumptive middle term, they do not create a new statutory maximum sentence."  (*Ibid.*)  In addition, *Apprendi* "precludes only *increased* punishment based on facts not found by the jury," which does not apply to subdivision (b)(6)'s selective imposition of the *lower* term.  (*Hilburn,* at ___ [2023 WL 4342646, at p. *9].)

We conclude the trial court's imposition of the middle term violated neither Icona's statutory rights under the DSL, nor his Sixth Amendment jury trial rights under *Apprendi*.

II.

*Icona Waived His Claim the Trial Court Abused Its Discretion in Sentencing*

Icona further contends the trial court abused its discretion in finding the aggravating factors outweighed the mitigating factors under section 1170, subdivision (b)(6).  In response, the People argue Icona waived this argument by failing to object after the court announced its intended sentence.  We agree Icona waived his claim for abuse of discretion.

In *People v. Scott* (1994) 9 Cal.4th 331, 356 (*Scott*), the California Supreme Court held "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."  This applies to "cases in which *the stated reasons allegedly do not apply to the particular case*, and cases in which the court purportedly erred because it . . . *misweighed the various*

7

*factors*[ ] or failed to state any reasons or give a sufficient number of valid reasons." (*Id.* at p. 353, italics added.)

The DSL requires the trial court to "set forth on the record the facts and reasons for choosing the sentence imposed." (§ 1170, subd. (b)(5).) The purpose of this requirement is to decrease the risk of error. (*Scott, supra,* 9 Cal.4th at p. 351.) "In the event ambiguities, errors, or omissions appear in the court's reasoning, the parties can seek an immediate clarification or change." (*Ibid.*) To this end, the waiver doctrine from *Scott* requires counsel to call to the court's attention "defects in the court's statement of reasons." (*Id.* at p. 353.) Waiver thus applies to arguments about "sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Id.* at p. 354.) The court in *Scott* specifically applied waiver to arguments the trial court abused its discretion in imposing a higher sentence based on articulated sentencing factors that "were inapplicable, duplicative, and improperly weighed." (See *id.* at p. 355.)

As an additional requirement for waiver to apply, defendant's counsel must have had "a meaningful opportunity to object" at the sentencing hearing after being "clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (*Scott, supra*, 9 Cal.4th at p. 356.)

Icona contends the trial court abused its discretion when it found the aggravating factors outweighed Icona's childhood trauma and other mitigating factors under section 1170, subdivision (b)(6). Icona attempts to minimize each of the aggravating factors found by the court. He argues (1) " 'vulnerability of the victim' " is not a proper aggravating factor when the victim's age is an element of the offense, (2) " 'harm to the victim' " is inherent in the elements of the crime, (3) " 'planning and sophistication' "

8

shown by committing the offenses when others were not around does not make the offense worse than it would ordinarily have been, and (4) " 'taking advantage of a position of trust' would seemingly be prominent in every 'resident child molester case.' " Finally, Icona argues the "strong mitigating factors" found by the court, in combination with the childhood trauma mitigant that made subdivision (b)(6) applicable, "prevented the court from a reasoned finding that the limited aggravators outweighed the mitigating circumstances such that the interests of justice required an elevated term."

Each of Icona's arguments falls within the scope of the waiver doctrine from *Scott*. If *Apprendi* does not apply, Icona does not contest the middle term is "permitted by law," so long as the court did not impose it in a procedurally or factually flawed manner. (*Scott*, *supra*, 9 Cal.4th at p. 354.) Icona's arguments go directly to the factual and procedural flaws that can be waived under *Scott*. His arguments about the aggravating factors either relate to their applicability in this case, or to them being given too much weight. Similarly, regarding the balancing of the aggravating factors against the mitigating factors, Icona contends the court "misweighed the various factors" in exercising its discretion. (*Scott*, at p. 353.) All these arguments can be waived under *Scott*.

Icona's counsel failed to object at all, let alone based on any of the above reasons, after the court stated its intention to impose the middle term sentence. The court began the sentencing hearing by articulating its understanding of the revised DSL. The court stated, "I think I am still free *if* I find aggravating factors in the case and have those conclude they outweigh the mitigants, I could still impose the middle term under [section 1170, subdivision (b)(6)]." (Italics added.) The court then invited argument by each of the parties. Following the parties' argument, the court made findings

9

regarding the aggravating and mitigating factors. The court found Icona had suffered childhood trauma that had contributed to the commission of his offenses under section 1170, subdivision (b)(6). However, the court announced its intention to impose the middle term because it found the aggravating factors outweighed the mitigating factors.

Following the court's announcement of its findings and intention to impose the middle term, Icona's counsel made no objection. Nor did Icona's counsel object after the court asked, "Is there anything additional that I have overlooked that I need to address?" Thus, Icona's counsel failed to object at the sentencing hearing, despite having a meaningful opportunity to do so. Icona was "clearly apprised of the sentence the court intend[ed] to impose and the reasons that support[ed] any discretionary choices." (*Scott*, *supra*, 9 Cal.4th at p. 356.) Icona now identifies perceived errors in how the court exercised its sentencing discretion. He has waived his opportunity to make such arguments.

Icona contends he properly objected to the middle term through his "Statement in Mitigation and Sentencing Brief" and at the sentencing hearing. We reject both. First, Icona filed his statement in mitigation before the sentencing hearing. As this came before the court's statement of its intention to impose the middle term and its weighing of the sentencing factors, it does not count as a proper objection to avoid waiver. *Scott* recognized the defendant may file a statement in mitigation in advance of the sentencing hearing but held an objection must separately be raised when the court states its intended sentence and the reasons therefor. (See *Scott*, *supra*, 9 Cal.4th at pp. 351, 353, 356.)

Second, Icona contends the court "made sentencing findings and relayed those findings to [Icona]" prior to his counsel's argument during the

sentencing hearing. The record does not support Icona's contention. Icona relies on the court's statement *"if* I find aggravating factors in the case and have those conclude they outweigh the mitigants, I could still impose the middle term." (Italics added.) But this was not a statement of the court's intended sentence. The court merely used conditional language to describe its understanding of section 1170, subdivision (b)(6). The court announced its intended sentence and supporting reasons much later in the sentencing hearing, following the parties' argument.

Even if the court had announced its intended sentence at the start of the sentencing hearing, the arguments of Icona's counsel during the hearing do not match those raised on appeal. His counsel focused on the erroneous contention aggravating factors under section 1170, subdivision (b)(6), must be proven to a jury beyond a reasonable doubt. At no point during the sentencing hearing did Icona's counsel present any of the specific arguments against the aggravating factors Icona now raises on appeal.

Because we conclude Icona waived his arguments against the trial court's sentence by failing to object when the sentence was announced, we decline to reach the substance of Icona's abuse of discretion claim.

## DISPOSITION

The judgment is affirmed.


DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.